HUA TIAN LIN, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–2479–ag.

United States Court of Appeals, Second Circuit.

July 30, 2007.

---

Gang Zhou, New York, NY, for Petitioner.

Paula D. Silsby, United States Attorney for the District of Maine, Hélène Kazanjian, Assistant United States Attorney, Portland, ME, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Hua Tian Lin, a native and citizen of the People's Republic of China, seeks review of an April 28, 2006 BIA decision affirming the October 5, 2004 decision of Immigration Judge ("IJ") Alan Page, denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Hua Tian Lin, a.k.a. Chia Chang,* No. A96–029–288 (B.I.A. April 28, 2006), *aff'g* No. A96–029–288 (Immig. Ct. N.Y. City Oct. 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). The Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted).

In this case, substantial evidence supports the IJ's adverse credibility finding. As the IJ noted, Lin provided different dates regarding when his girlfriend became pregnant, and when he left Hong Kong a second time. Further, Lin provided three different accounts regarding his girlfriend's second pregnancy, while his girlfriend never mentioned a second pregnancy in a letter sent to the immigration court in support of Lin's application.

Because Lin's withholding claim was dependent on the same facts the IJ found not credible in the asylum context, the adverse credibility finding necessarily precludes success on that claim as well. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Finally, because Lin has failed to challenge the IJ's denial of his CAT claim before this Court, this claim is deemed waived.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).